**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Jenene Mayes, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:23-cv-3511-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Kyocera AVX Components (Greenville), | ) | |
| LLC; Stacy Eldrige; Melissa King; | ) | |
| Genevieve Delfin; Joshua Lindsey; and | ) | |
| Joe Dwars, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jenene Mayes, proceeding *pro se*, filed her Complaint in state court asserting claims for negligence and employment discrimination in violation of Title VII against the Defendants. (ECF No. 1-1). Defendants removed the case to federal court in July 2023. (ECF No.1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d)(D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On July 26, 2023, the magistrate judge issued an order directing Plaintiff to file her answers to interrogatories pursuant to Local Rule 26.01. (ECF No. 13). That order was mailed to Plaintiff at the address listed in her Complaint, (ECF No. 14), but it was returned as undeliverable, (ECF No. 17). On August 11, 2023, Defendants notified the court that they had attempted to serve Plaintiff with their Notice of Removal, Answers to Interrogatories, and Answer to the Complaint by United States Mail but that each mailing had returned to them as "Return to Sender." (ECF No. 18). However, Defendants indicated that out of abundance of caution, they had also emailed the documents to Plaintiff at the email she had provided in her Complaint. *Id.*

1

The magistrate judge issued an order requiring Defendants to re-attempt service to the address listed in her Complaint, which varied slightly from the address Defendants had previously used, and to file a certificate of service with the court. (ECF No. 19).   Defendants filed the certificate of service on August 15, 2023. (ECF No. 22). On August 21, 2023, the magistrate judge issued a second order directing Plaintiff to answer the interrogatories pursuant to Local Rule 26.01 and to notify the Clerk in writing of any change of address. (ECF No. 23). This order was mailed to Plaintiff at the address listed in her Complaint. (ECF No. 25).

That same day, Plaintiff delivered a document titled "Plaintiff's Verification of Address" to the Clerk's office, affirming that the address the court had been using for service was her mailing address. (ECF No. 26). On August 28, 2023, the August 21 order was returned to the court as undeliverable. (ECF No. 27). However, on August 30, 2023, Plaintiff filed her answers to the interrogatories pursuant to Local Rule 26.01. (ECF No. 28). However, on September 28, 2023, Defendants filed a second notice with the court indicating that they had been unable to serve Plaintiff with any pleadings and that Plaintiff was nonresponsive to any email communication asking for her to reach out regarding service and meeting to discuss discovery obligations. (ECF No. 32).

On December 21, 2023, Defendants filed a motion to compel discovery, which indicated that it had served Plaintiff with a request for written discovery on October 16, 2023 and that such mailing had *not* been returned as undeliverable. (ECF No. 38). While the deadline for such discovery had passed, Plaintiff had not provided anything to Defendants. *Id.* at 2. Additionally, counsel for Defendants called the number listed on the Complaint and spoke with "Chris Jones" who indicated that he "used to share" the office with Plaintiff and that he would get in touch with Plaintiff to let her know that counsel had been trying to reach her. *Id.* at 3. Defense counsel also

emailed the provided email address for Plaintiff to notify her that if he did not receive the discovery, he would file a motion to compel. *Id.* at 2–3. Defense counsel did not receive any response to either the call or the email. *Id.* at 3. The magistrate judge granted the motion to compel and ordered Plaintiff to provide the discovery responses by January 30, 2024. (ECF No. 40). This motion was returned to the court as undeliverable. (ECF No. 46).

On February 5, 2024, Defendants filed a motion to dismiss as sanctions for failure to cooperate in discovery. (ECF No. 42).  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the magistrate judge issued an order explaining the motion to dismiss procedure and warning Plaintiff of the potential consequences for failing to adequately respond. (ECF No. 43). This order was returned to the court as undeliverable. (ECF No. 45).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the Court grant Defendants' motion to dismiss with prejudice as sanctions for Plaintiff's failure to cooperate in discovery.  (ECF No. 48).  The Report was mailed to Plaintiff at the address she provided to the court. (ECF No. 49). The Report was not returned to the Court, so the Plaintiff is presumed to have received it. Plaintiff was advised of her right to file specific objections to the Report, (ECF No. 48 at 8), but failed to do so.  The time for Plaintiff to object to the Report has expired, and the matter is now ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the

magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).  Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

The court notes that while several documents in this case were returned to the court and to Defendants as undeliverable, it is important to note that in addition to mailing each of its filings, Defendants have emailed Plaintiff copies of all their filings to the email Plaintiff provided in her Complaint. Additionally, the Report and Recommendation was *not* returned as undeliverable, and

Plaintiff has had ample opportunity to file her objections thereto, as the court intentionally waited several weeks after the deadline for the objections before issuing this final order. Notably, her filing at docket entry 28 recognizes that she has received at least some of the documents that were returned to the Defendants, as she references Defendants' answers to their interrogatories in her response to Interrogatory F. (ECF No. 28 at 2). Similarly, Plaintiff's affidavit regarding her address, which she hand-delivered to the Clerk's Office, indicated that she had been notified by the Clerk that the court's mail to her had been being returned as undeliverable, (ECF No. No. 26), so at the very least she was aware of her duty to provide the court with a proper address for service. In addition to being laid out in several orders on this docket, this duty is also laid out on the court's webpage under the guide for pro se plaintiffs. *Information on Representing Yourself in a Civil Action (Non-Prisoner)*, United States District Court District of South Carolina, https://www.scd.uscourts.gov/DOCS/PROSE.pdf, at p. 16 (last visited May 2, 2024) (stating in capitalized, bold font that failure to keep the court informed of a correct address could result in dismissal of the case).

Furthermore, the court agrees with the magistrate judge that the dismissal being with prejudice is appropriate, as the Defendants have attempted to contact Plaintiff through all provided contact channels for almost a year to no avail; Plaintiff has failed to respond to any communications from the court or Defendants; and Plaintiff has failed to comply with her discovery obligations, despite having been presumed served with the requests and despite Defendants' continued attempts to contact her regarding her past-due responses. As Plaintiff is proceeding *pro se* in this action, she is wholly responsible for her actions and for complying with this court's rules and orders. However, she has failed to do so. The court has considered less-drastic sanctions; however, Plaintiff's repeated nonchalance and noncompliance with deadlines in

this case and her repeated failure to communicate both with Defendants and the court regarding this case lead the court to believe that less-drastic remedies than dismissal would be futile.

After a careful and thorough review of the Report and the record under the appropriate standards, as set forth above, the Court agrees with the conclusions of the magistrate judge and finds no reason to deviate from the magistrate judge's recommended disposition as set forth in the Report. Accordingly, the court **ADOPTS** the Report (ECF No. 48), which is incorporated herein, and **GRANTS** Defendants' Motion to Dismiss (ECF No. 42).  This action is hereby **DISMISSED** **_with prejudice_**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

May 21, 2024
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.